IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARVIN HOLMES, | § | |
| | § | No. 659, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 1210015494 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 22, 2015
Decided: February 12, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 12th day of February 2015, upon consideration of the opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Marvin Holmes, filed this appeal from the Superior Court's denial of his motion for modification of sentence. The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Holmes' opening brief that his appeal is without merit. We agree and affirm.

(2)    The record reflects that Holmes was convicted in 2013 of Escape after Conviction. The Superior Court sentenced him as a habitual

offender to eight years at Level V incarceration. This Court affirmed his conviction and sentence on direct appeal.[1] On August 12, 2014, Holmes filed a motion for modification of his sentence based on extraordinary circumstances. Holmes sought a reduction of his sentence because he has multiple myeloma, a form of cancer. After a sentence review hearing in September 2014 and upon receipt of the State's response in opposition, the Superior Court denied Holmes' motion on November 10, 2014. This appeal followed.

(3) Superior Court Criminal Rule 35(b) provides that a motion for modification of a sentence of imprisonment that is not filed within 90 days of sentencing will only be considered in extraordinary circumstances or pursuant to 11 Del. C. § 4217, which permits a sentence modification if the Department of Correction (DOC) certifies that an inmate has a serious medical illness and that release of the inmate shall not constitute a substantial risk to the community or the inmate.[2] In this case, it is unfortunate that Holmes is suffering from a serious medical condition. But his condition alone does not entitle him to a modification of sentence unless the DOC also certifies that his release shall not constitute a substantial risk

---

[1] *Holmes v. State*, 2014 WL 3559686 (Del. July 17, 2014).

[2] Del. Super. Ct. Crim. R. 35(b) (2015). An application for reduction of sentence filed by the Department of Correction must be submitted to and approved by the Board of Parole before it can be submitted to the Superior Court.

to the community or to Holmes himself. The DOC has not made the required certification under § 4217. In the absence of this certification, we find no abuse of the Superior Court's discretion in denying Holmes' motion.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] *See Hubbard v. State*, 2011 WL 5009772 (Del. Oct. 20, 2011).